UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

NICHOLAS RUBBO
And MICHELLE RUBBO, his wife,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

Plaintiffs, NICHOLAS RUBBO and MICHELLE RUBBO, his wife, by and through their undersigned counsel, sue the Defendant UNITED STATES OF AMERICA and allege:

**NATURE OF THE ACTION**

1. This action arises from the personal injuries sustained by Plaintiff NICHOLAS RUBBO, and derivative damages sustained by his wife, Plaintiff MICHELLE RUBBO, due to the negligence and medical malpractice of Defendant's agents, servants and/or employees in the course of treating Plaintiff NICHOLAS RUBBO for a sore throat and enlarged left neck lymph node between November of 2018 and October of 2019, while Mr. RUBBO was incarcerated at the Maxwell Federal Prison Camp.

2. Due to acts of malpractice as alleged below, on November 21, 2019, Mr. RUBBO, who is fifty-one years of age, was diagnosed with a moderately differentiated invasive diffuse squamous cell carcinoma in his left neck. Due to the delay in diagnosing Mr. RUBBO's condition his disease has metastasized to his head and lungs. His condition is not curable and the treatment he is now receiving is only palliative.

RUBBO v. UNITED STATES OF AMERICA
CASE NO.

## JURISDICTION

3. This action is being brought seeking damages pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. Sections 1346(b), 2671 *et seq.*, against the United States of America. Section 1346(b) vests exclusive subject matter jurisdiction over this action in federal courts.

## VENUE

4. Plaintiffs are permanent residents of Broward County, Florida, and this action is being brought against the UNITED STATES OF AMERICA pursuant to 28 U.S.C. Section 1346(b), so venue is proper in this District pursuant to 28 U.S.C. Section 1402(b).

## THE PARTIES

5. Plaintiff NICHOLAS RUBBO is and at all material times has been married to Plaintiff MICHELLE RUBBO. They have two children, Nicholas Jr. and Anthony, currently ages twenty-five and twenty-three, respectively.

6. The Defendant is the UNITED STATES OF AMERICA, acting at all material times through employees of its agency, the United States Department of Justice, Federal Bureau of Prisons.

## STATUTORY BASIS OF LIABILITY AGAINST THE UNITED STATES OF AMERICA

7. This case is brought against the United States of America pursuant to 28 U.S.C. Section 2671 *et seq.*, commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated specifically on 28 U.S.C. Sections 1346(b)(1) and 2674 because the personal injuries and resulting damages that form the basis of this complaint were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America through its

RUBBO v. UNITED STATES OF AMERICA
CASE NO.

agency, the United States Department of Justice, Federal Bureau of Prisons. These employees were acting within the course and scope of their office or employment, under circumstances where the UNITED STATES OF AMERICA, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of Florida.

    8.    Pursuant to 28 U.S.C. Section 2675, this claim was presented to the appropriate agency of Defendant, the UNITED STATES OF AMERICA, namely the United States Department of Justice, Federal Bureau of Prisons, on November 10, 2020 for NICHOLAS RUBBO and on December 3, 2020 for MICHELLE RUBBO. By Notices dated February 10, 2021, both Plaintiffs' claims were denied.

## LIABILITY AND DAMAGE ALLEGATIONS

    9.    In November of 2018, Plaintiff NICHOLAS RUBBO, was an inmate at the Maxwell Federal Prison Camp, under the jurisdiction, custody and control of Defendant UNITED STATES OF AMERICA, through the United States Department of Justice, Federal Bureau of Prisons.

    10.    At all material times Defendant UNITED STATES OF AMERICA held out the medical staff employed at the Maxwell Federal Prison Camp infirmary to be competent and qualified physicians, physician assistants, nurse practitioners, nurses and medical assistants.

    11.    At all material times, Defendant had a duty to persons under its jurisdiction, custody and control, including Plaintiff NICHOLAS RUBBO, properly and adequately to monitor and supervise its agents, servants and/or employees, including all health care providers and medical staff employed at Maxwell Federal Prison Camp, while acting in the scope and course of

RUBBO v. UNITED STATES OF AMERICA
CASE NO.

their agency or employment in rendering care, assistance and treatment to Plaintiff NICHOLAS RUBBO.

12. At all material times Defendant had a duty to prisoners under its jurisdiction, custody and control, including Plaintiff NICHOLAS RUBBO, to provide them competent and adequate medical services, nursing services, emergency services, ambulance services, patient transportation services, operating services, diagnostic and treatment services, surgical services including pre-operative and post-operative services, anesthesia services, and all other necessary services to give proper, adequate and competent medical care and attention to them while they were inmates of the Maxwell Federal Prison Camp, and held itself out to such individuals as having the necessary personnel, equipment, supplies and facilities to perform same.

13. In reliance on Defendant's implied representation and holding out as alleged in the preceding paragraph, Plaintiff NICHOLAS RUBBO, beginning in November 2018, presented to the Maxwell Federal Prison Camp infirmary complaining of, *inter alia*, a sore throat and enlarged left neck lymph node.

14. The Defendant thereupon undertook to render adequate medical care, assistance and treatment to Plaintiff NICHOLAS RUBBO and therefore owed a duty to him to exercise the reasonable and ordinary care, skill, and ability ordinarily exercised by other practitioners in the same or similar circumstances.

15. During the year after he first presented to the infirmary at Maxwell Federal Prison Camp, Plaintiff NICHOLAS RUBBO continued to be seen at the infirmary, including visits on January 15, 2019, January 29, 2019, April 11, 2019, June 17, 2019 and October 28, 2019.

RUBBO v. UNITED STATES OF AMERICA
CASE NO.

16. During the times he presented to the infirmary at Maxwell Federal Prison Camp as alleged in the preceding paragraph, Plaintiff NICHOLAS RUBBO was and continued to be diagnosed with Acute Tonsillitis, despite persistent symptoms of, *inter alia*, Inflammation, Tonsillar Exudate, Erythema, Tonsilar Hypertophy and, continued growth of the left neck mass. He received no treatment other than five (5) courses of antibiotic therapy.

17. On November 18, 2019 Plaintiff NICHOLAS RUBBO, presented once more to the infirmary at Maxwell Federal Prison Camp, with an inflamed pharynx, a swollen lymph node- anterior chain measuring 4 x 2 inches, a swollen lymph node of the Submandibular and a subjective complaint that his left side was growing. Medical staff at the infirmary sent him to a hospital for emergency care.

18. A CT scan performed in the hospital emergency room on November 18, 2019 indicated a possible malignant neck mass, so Mr. RUBBO was referred for an otolaryngological consultation.

19. On or about November 26, 2019, Mr. RUBBO underwent a left tonsillar biopsy, revealing a moderately differentiated invasive diffuse squamous cell carcinoma; he was referred to Montgomery Cancer Center.

20. On December 5, 2019, Mr. RUBBO, presented to the Montgomery Cancer Center, where he was diagnosed with a Stage IV clinically N3 squamous cell carcinoma.

21. Mr. RUBBO's treating oncologist has indicated that his disease at its present stage is not curable, so the only available current treatment is palliative.

22. In examining, diagnosing and treating Plaintiff NICHOLAS RUBBO Defendant,

RUBBO v. UNITED STATES OF AMERICA
CASE NO.

acting through its agents, servants and/or employees, including the medical staff and health care providers at Maxwell Federal Prison Camp, failed to follow good known and accepted practice in the medical profession, and were otherwise negligent and careless in committing the acts of malpractice that were the competent, contributing causes of Plaintiff's injuries and current terminal diagnosis.

23. Defendant, acting through its agents, servants and/or employees, including the medical staff and health care providers at Maxwell Federal Prison Camp, failed to exercise reasonable and ordinary care, skill and diligence, and departed from the generally accepted and recognized standard of care or skill of the local and national medical community in the care, assistance and treatment of Plaintiff NICHOLAS RUBBO, and was thereby negligent, in one or more of the following respects:

a) In failing to adopt or implement policies and procedures sufficient to provide for the adequate care, assistance and treatment of Plaintiff NICHOLAS RUBBO;

b) In failing to perform or cause to be performed procedures which would have prevented Mr. RUBBO's injuries and terminal diagnosis including, *inter alia*, the timely performance of imaging studies and/or biopsies for the proper, adequate and timely assessment, diagnosis and treatment of his condition;

c) In failing to provide the appropriate medical care, assistance and treatment to Mr. RUBBO under the circumstances;

d) In negligently, carelessly and improperly allowing Mr. RUBBO's carcinoma to go untreated;

RUBBO v. UNITED STATES OF AMERICA
CASE NO.

  e)  In failing and omitting to properly and timely perform the appropriate physical exams;

  f)  In failing to request the appropriate consultations;

  g)  In negligently, carelessly and improperly causing a significant delay in diagnosis and treatment of Mr. RUBBO's disease;

  h)  In negligently, carelessly and improperly causing and/or allowing Mr. RUBBO's life threatening conditions to persist;

  i)  In failing and omitting to perform proper and timely tests, examinations, procedures, and studies for Mr. RUBBO;

  j)  In failing and omitting to understand the clinical analysis, laboratory analysis, history, physical examination, complaints, pains, signs and/or symptoms of Mr. RUBBO so that a proper diagnosis could be made and/or a proper course of treatment given;

  k)  In failing and omitting to conform to the accepted standards of care and skill in giving advice, treatment, prescriptions, examinations, information, services, attention, studies, laboratory results and/or facts to Mr. RUBBO;

  l)  In failing and omitting to use their best judgment and reasonable care in their medical care, attention, services, treatment, diagnosis and other medical services rendered to or on behalf of Mr. RUBBO;

  m)  In negligently, carelessly and improperly failing and omitting to attach appropriate medical significance to the history, physical examination, clinical analysis,

RUBBO v. UNITED STATES OF AMERICA
CASE NO.

presenting condition, complaints, pains, signs and/or symptoms of Mr. RUBBO;

n) In giving improper medical care, attention, and/or treatment to Mr. RUBBO;

o) In otherwise failing to exercise reasonable care in the examination, assessment, diagnosis and treatment of Mr. RUBBO.

24. The Plaintiffs will rely on the doctrines of res ipsa loquitur and respondent superior at the time of the trial of this action.

25. Mr. RUBBO's injuries occurred solely by reason of the Defendant's negligence, malpractice and failure to exercise reasonable care as alleged above and through no fault of plaintiff.

26. As a direct and proximate result of the medical negligence of the Defendant's employees and medical staff at Maxwell Federal Prison Camp as alleged above, for which Defendant is vicariously liable as alleged above, Plaintiff NICHOLAS RUBBO has been injured in and about his body and extremities and has suffered pain, mental anguish, disability, disfigurement, aggravation and activation of preexisting injuries, and loss of ability to enjoy a normal life. He has also incurred medical and health care expenses for the treatment of his injuries and has lost earnings and earning capacity. These damages are permanent or continuing in nature and Plaintiff NICHOLAS RUBBO will continue to incur them in the future.

27. As a further direct and proximate result of the medical negligence of the Defendant's employees and medical staff at Maxwell Federal Prison Camp as alleged above, for which Defendant is vicariously liable as alleged above, Plaintiff MICHELLE RUBBO has lost and will

RUBBO v. UNITED STATES OF AMERICA
CASE NO.

continue in the future to lose the society, support, attention, affection, comfort and consortium of Plaintiff NICHOLAS RUBBO, and has incurred and will continue in the future to incur medical and other expenses on his behalf.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendant for compensatory damages and for costs, attorney's fees and interest to the extent allowed by law.

Executed this 6th day of August, 2021.

*/s/PHILIP M. GERSON*
PHILIP M. GERSON
Florida Bar Number No. 127290
pgerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar Number 346721
eschwartz@gslawusa.com
zdiaz@gslawusa.com
filing@gslawusa.com
**GERSON & SCHWARTZ, P.A.**
*Attorneys for Plaintiff*
1980 Coral Way
Miami, Florida 33145
Telephone: (305) 371-6000
Facsimile:  (305) 371-5749